USAMA KAHF, SBN 266443
JENNA M. WARDEN, SBN 286511
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METREA SCATES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Pennsylvania corporation, FEDEX CORP., a California corporation, FEDEX CORPORATION, a Delaware corporation, FEDEX GROUND PKG SYSTEM, INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-6365<br><br>*[Removed from Los Angeles County Superior Court, Case No. 20STCV18584]*<br><br>**NOTICE AND PETITION FOR OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 and 1446**<br><br>Complaint Filed: May 15, 2020<br>Trial Date: Nine |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF METREA SCATES AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground"), through its counsel of record, respectfully petitions for removal of the action filed by Plaintiff METREA SCATES ("Plaintiff") from the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 20STCV18584, to the United States District Court for the Central District of California (Western Division). This removal is

based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446. This Petition for Removal is supported by the Declaration of Matthew Endlish, the Declaration of Jenna Warden, Esq. and supporting exhibits filed concurrently herewith. The basis for removal is complete diversity of citizenship and FedEx Ground provides the following information in support thereof:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On May 15, 2020, Plaintiff filed an unverified Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of Los Angeles, identified as Case No. 20STCV18584, *Metrea Scates v. Fedex Ground Package System, Inc., FedEx Corporation; and Does 1 through 25, inclusive* ("State Court Action"). Declaration of Jenna Warden ("Warden Decl.") ¶ 3. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. In her Complaint, Plaintiff alleges seven causes of action against FedEx Ground: (1) Disability discrimination, (2) Failure to accommodate, (3) Failure to engage in the interactive process, (4) Retaliation, (5) Failure to prevent discrimination, (6) Wrongful termination in violation of FEHA, and (7) Wrongful termination in violation of public policy. Warden Decl. ¶ 4; *see* **Ex. 1**. Plaintiff seeks general damages, compensatory damages, past and future lost wages, punitive damages, and attorneys' fees. Warden Decl. ¶ 4; *see* **Ex. 1** at Prayer for Relief at ¶¶ 1-11.

3. Plaintiff served a copy of the Summons and Complaint upon FedEx Ground by mailing it a Notice and Acknowledgment of Receipt, and it was executed by FedEx Ground to complete service on June 19, 2020. Plaintiff filed the Proof of Service with the Superior Court of June 26, 2020. Warden Decl. ¶ 5. A true and correct copy of the Proof of Service and executed Notice and Acknowledgment of Receipt is attached hereto as **Exhibit 2**.

4. Plaintiff initially named FedEx Corporation as a defendant, but on

June 26, 2020, Plaintiff filed a dismissal without prejudice of Defendant FedEx Corporation. Thus, there is complete diversity of citizenship and all currently named defendants have consented to the removal. A true and correct copy of the Dismissal is attached to the Petition for Removal as **Exhibit 3**

5. Defendants "DOES 1 through 25, inclusive" have not been identified and there is no record that any Doe defendants have been served with the Summons or the Complaint in the State Court Action. Warden Decl. ¶ 7.

6. FedEx Ground filed an Answer to Plaintiff's Complaint on July 15, 2020. Warden Decl. ¶ 8. A true and correct copy of FedEx Ground's Answer to Plaintiff's Complaint is attached to the Petition for Removal as **Exhibit 4**.

7. No further proceedings have been had in the state court as of the date of this Notice. The Complaint, Summons, Proof of Service and Notice and Acknowledgment of Receipt, and Answer to Plaintiff's Complaint constitute all process, pleadings and orders served upon or by FedEx Ground in the State Court Action. Warden Decl. ¶ 9. By signing this Petition for Removal, counsel for FedEx Ground verifies that the items attached as **Exhibits 1-4** to the Petition for Removal are true and complete copies of the process, pleadings and orders in the State Court Action.

8. This removal is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within 30 days of the date of first service of the State Court Action on FedEx Ground, which was June 19, 2020, and within one year of the date the State Court Action was filed.

## DIVERSITY JURISDICTION

9. **Basis of Original Jurisdiction.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1). As set forth below, 28 U.S.C. section 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all

of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

10. **Complete Diversity.** Diversity of citizenship exists in this matter because FedEx Ground is incorporated in the State of Delaware and its principal place of business is Moon Township, in the State of Pennsylvania (Endlish Decl. ¶¶ 5-7), and Plaintiff is a California resident. **Ex. 1** at ¶ 1.

11. **Plaintiff's Citizenship.** Based on the allegations in Plaintiff's Complaint, Plaintiff was a citizen and resident of the State of California at the time this action commenced and at the time of removal. **Ex. 1** at ¶ 1. The presumption of continuing domicile provides a legal presumption that Plaintiff is still a resident of the State of California. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) ("a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted . . . . This presumption has been widely accepted, including by this [the Ninth] circuit."). For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For diversity purposes, a person is a citizen of the State where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013), citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."). The Complaint states that "[a]t all times material herein, Plaintiff … was and is a resident of the State of California." **Ex. 1** at ¶ 1. Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of California.

12. **FedEx Ground's Citizenship.** At the time Plaintiff filed the

Complaint in the Los Angeles County Superior Court, FedEx Ground was (and remains) a citizen of States other than California. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located). FedEx Ground is incorporated in the State of Delaware. Endlish Decl. ¶ 5. Under the "nerve center" test, FedEx Ground's "principal place of business" is Moon Township, Pennsylvania:

a. FedEx Ground maintains its headquarters in Moon Township, Pennsylvania. Endlish Decl. ¶ 6.

b. Moon Township, Pennsylvania is where FedEx Ground's officers direct, control and coordinate FedEx Ground's business activities. Endlish Decl. ¶ 6.

c. FedEx Ground's headquarters in Moon Township, Pennsylvania is the location of FedEx Ground's executive and administrative offices, including its corporate finance, accounting, human resources, information technology and legal departments. Endlish Decl. ¶ 6.

d. FedEx Ground's headquarters in Moon Township, Pennsylvania is the location of FedEx Ground's senior executives, including FedEx Ground's chief executive officer, chief operating officer, chief financial officer and FedEx Ground's general counsel. Endlish Decl. ¶ 6.

13. **Defendant FedEx Corporation was Dismissed.** On June 26, 2020, Plaintiff filed a dismissal without prejudice of Defendant FedEx Corporation. Thus, it's citizenship is not relevant to this Petition to Removal. In the event it is re-named, FedEx Ground will seek its consent for removal.

14. **Doe Defendants Are Disregarded For Purposes Of Removal.** Defendants DOES 1 through 25, inclusive, are fictitious. The Complaint does not

set forth the identity or status of any of the fictitious defendants, nor does it set forth any charging allegation against any fictitious defendant. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998); *Fristos v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 25, inclusive, does not deprive this Court of jurisdiction.

15. Based on the foregoing, Plaintiff and FedEx Ground are citizens of different States. 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

16. **The Amount In Controversy Exceeds $75,000.** Plaintiff does not specify a damages sum in her Complaint. Where, as here, the Complaint does not specify the amount in controversy, the defendant must show "by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). In other words, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). FedEx Ground, however, is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer*, 116 F.3d at 377. Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages and attorneys' fees are all included

in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

17. While FedEx Ground denies any liability as to Plaintiff's claims, FedEx Ground can satisfy its burden of showing that the jurisdiction threshold of $75,000 is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Further, the Court may examine extrinsic evidence of the amount in controversy. *See Singer*, 116 F.3d at 377 (requiring parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

18. Though FedEx Ground denies that Plaintiff is entitled to any damages, Plaintiff seeks general damages, compensatory damages, past and future lost wages, punitive damages, and attorneys' fees. *See* **Ex. 1**, Prayer for Relief at ¶¶ 1-11. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons*

*v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

19. Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a. **Plaintiff's Lost Wages as a Package Handler.** Plaintiff alleges that as a result of FedEx Ground's conduct, she is entitled to "actual, consequential and incidental financial losses, including, but not limited to, loss of earnings and employee benefits, according to proof." (**Ex. 1**, Compl. at Prayer for Relief at ¶ 3). Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq*., all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982). Here, Plaintiff was employed as a Package Handler and was earning $16.75 per hour. Endlish Decl. ¶ 4. Thus, assuming Plaintiff was working full time, at the time of her separation of employment in September 2019, Plaintiff was earning approximately $2,680 per month. Endlish Decl. ¶ 4. Plaintiff makes no allegation in his Complaint that she has found other work, let alone work that pays the same compensation that she previously received at FedEx Ground. Thus, Plaintiff is seeking approximately 10 months of lost wages as of the date of this removal petition, and this claim will continue to accrue during the pendency of this litigation. Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, Plaintiff will claim approximately 22 months of lost wages, or $58,960 ($2,680 per month x 22 months). This amount does not take into account any future lost wages Plaintiff may claim.

b. **Plaintiff's Special and General Damages for Emotional Distress.** Plaintiff alleges that, as a result of FedEx Ground's alleged conduct toward her, she "has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms." **Ex. 1**, Compl. at ¶ 78. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered . . . emotional distress damage awards in similar age discrimination cases."). Further, a defendant may use damage awards in other cases to establish that the amount n controversy exceeds $75,000. *See Simmons*, 209 F. Supp. 2d at 1033. Emotional distress damages in employment discrimination cases in California generally exceed $50,000, and can be even more substantial, reaching and exceeding the jurisdictional minimum of $75,000 alone. *See, e.g., Wang v. Reese Scientific Corp.*, Dkt. No. CGC-13-528233, 2014 WL 5389950 (Cal. Super. Ct. S.F. June 9, 2014) (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of Los Angeles*, Dkt. BC341480, 2009 WL 2421975 (Cal. Super. Ct. L.A. July 24, 2009) (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the

plaintiff suffered heightened mental anguish"). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages are added to a potential recovery of emotional distress damages of at least $75,000.

c. **Plaintiff's Attorneys' Fees.** Plaintiff also seeks to recover attorneys' fees. **Ex. 1**, Compl., Prayer for Relief at ¶ 6. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). FedEx Ground anticipates that depositions will be taken in this case and that FedEx Ground may ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of

experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages and potential attorneys' fee award.

d. **Plaintiff's Claimed Punitive Damages.** Plaintiff also seeks to recover punitive damages, alleging, without any specific support, that FedEx Ground's conduct was "despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff...." **Ex. 1**, Compl. at ¶ 79, *see also* Prayer for Relief at ¶ 8. Punitive damages are part of the amount in controversy in a civil action. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). Although Plaintiff's claim for punitive damages appears to be weak, courts have recognized that California jury verdicts "amply demonstrate the potential for large punitive damages awards in employment discrimination cases." *See Simmons*, 209 F. Supp. 2d at 1033. Therefore, Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy.

20. Finally, Plaintiff made a settlement demand of $245,000. Endlish Decl. at ¶ 9. "A settlement letter is relevant evidence of the amount in controversy

if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002). Accordingly, Plaintiff seeks damages in excess of $75,000.00, and the amount in controversy requirement of 28 U.S.C. §1332(b) is met.

21. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims, easily exceeds the minimum threshold of $75,000.

**ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

22. **Venue and Intradistrict Assignment.** Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Western Division of the Central District of California) embraces the Los Angeles County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

23. **Notice of Removal.** As required by 28 U.S.C. section 1446(d), a copy of the Notice and Petition for Removal will be attached to a pleading entitled Notice to Adverse Parties and State Court of Defendant FedEx Ground Package System, Inc.'s Filing of Petition for Removal and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

24. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on FedEx

Ground or filed by FedEx Ground are attached to the Petition for Removal as **Exhibits 1-4**.

## CONCLUSION

Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and FedEx Ground is a citizen of Delaware and Pennsylvania. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and FedEx Ground has properly removed the State Court Action to this Court. FedEx Ground reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

## PRAYER FOR REMOVAL

WHEREFORE, FedEx Ground prays that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division).

DATE: July 17, 2020

FISHER & PHILLIPS LLP

By: ______________________________

USAMA KAHF
JENNA M. WARDEN
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# PROOF OF SERVICE
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On July 17, 2020, I served the foregoing document entitled **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 and 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Christopher W. Taylor, Esq.
Parham Barkhordar, Esq.
Taylor H. White, Esq.
Philip Horlacker, Esq.
TAYLOR LABOR LAW P.C.
80 S. Lake Avenue, Suite 860
Pasadena, CA 91101
Tel;: (626) 219-6008
Email: chris@taylorlaborlaw.com
Email: Parham@taylorlaborlaw.com
Email: twhite@taylorlaborlaw.com

Attorneys for Plaintiff
METREA SCATES

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 17, 2020, at Irvine, California.

Jill McIntee — Print Name

By: Jill McIntee — Signature