# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 05/15/2020 09:59 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDEX GROUND PACKAGE SYSTEM, INC., a Pennsylvania corporation; FEDEX CORP., a California corporation; (Continued)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

METREA SCATES, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Stanley Mosk Courthouse
*(El nombre y dirección de la corte es):*

111 North Hill Street
Stanley Mosk Courthouse

CASE NUMBER:
*(Número del Caso):*
**20STCV18584**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Philip Horlacher; Taylor Labor Law, P.C., 80 S. Lake Ave., Suite 860, Pasadena, CA 91101; 626-219-6008

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 05/15/2020 | Clerk, by | R. Clifton | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: Metrea Scates v. FedEx Ground Package System, Inc., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

FEDEX GROUND PACKAGE SYSTEM, INC., a Pennsylvania corporation; FEDEX CORP., a California corporation; FEDEX CORPORATION, a Delaware corporation; FEDEX GROUND PKG SYSTEM INC; and DOES 1 through 25, inclusive,

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

TAYLOR LABOR LAW, P.C.
80 S. Lake Avenue, Suite 860
Pasadena, California 91101
626.219.6008 tel
626.219.6009 fax
Christopher W. Taylor, State Bar Number: 236245
Parham Barkhordar, State Bar Number: 307393
Taylor H. White, State Bar Number: 325548
Philip Horlacher, State Bar Number: 318837

Attorneys for Plaintiff, Metrea Scates

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| METREA SCATES, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Pennsylvania corporation; FEDEX CORP., a California corporation; FEDEX CORPORATION, a Delaware corporation; FEDEX GROUND PKG SYSTEM INC; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case Number: 20STCV18584<br><br>COMPLAINT FOR:<br><br>1. Discrimination Based on Disability in Violation of Cal. Govt. Code §§ 12940(a), *et seq.* (FEHA);<br>2. Failure to Accommodate in Violation of Cal. Govt. Code §§ 12940(a), *et seq.* (FEHA);<br>3. Failure to Engage in the Interactive Process in Violation of Cal. Govt. Code §§ 12940(a), *et seq.* (FEHA);<br>4. Retaliation in Violation of Cal. Govt. Code §§ 12940, *et seq.* (FEHA);<br>5. Failure to Prevent Discrimination in Violation of Cal. Govt. Code §§ 12940(a), *et seq.* (FEHA);<br>6. Wrongful Termination in Violation of Cal. Govt. Code §§ 12940(a), *et seq.* (FEHA);<br>7. Wrongful Termination in Violation of Public Policy;<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

COMPLAINT

Plaintiff Metrea Scates hereby brings a complaint against the above-named Defendants and states and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. At all times material herein, Plaintiff Metrea Scates (hereinafter referred to as "Plaintiff" or "Ms. Scates") was and is a resident of the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendants, FEDEX GROUND PACKAGE SYSTEM, INC.; FEDEX CORP.; FEDEX CORPORATION; and FEDEX GROUND PKG SYSTEM INC, (hereinafter referred to as "Defendant," "Defendants," or "FEDEX GROUND"), is at all times mentioned in this complaint duly licensed to do business, were and are doing business, under and by virtue of the laws of the State of California, in the County of Los Angeles.

3. Defendant DOES 1 through 25, inclusive, at all times, were under the direct supervision, employ, and control of Defendant. In doing the acts alleged herein, defendants, DOES 1 through 25, were acting within the course and scope of their employment and agency with Defendant. The true names and capacities of defendants named herein as DOES 1 through 25, inclusive, are unknown to Plaintiff who therefore sues such defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes that the DOE defendants are California residents. Plaintiff will amend this Complaint to show true names and capacities when they have been determined. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that each defendant DOE herein is in some manner responsible for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.

5. Hereinafter in this Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all defendants, and each of them.

6. Plaintiff filed charges against Defendants with the State of California, Department of Fair Employment and Housing ("DFEH"). The Department of Fair Employment and Housing closed Plaintiff's case and issued Plaintiff right to sue letters on May 13, 2020.

**FACTUAL ALLEGATIONS**

7. Defendant, FEDEX GROUND, employed Plaintiff Metrea Scates nearly a decade ago as a Package Handler. Her essential job duties included handling, scanning, and sorting various packages. As a Package Handler, Ms. Scates diligently performed her duties and remained a member of Defendant's staff for years.

8. Unfortunately, on or around July 29, 2017, Ms. Scates's was diagnosed with impingement syndrome of both shoulders, as well as with incomplete rotator-cuff tears of each shoulder. As a result, Ms. Scates went on a brief leave beginning around July 29, 2017. She also provided doctors' notes to Defendant. Fortunately, her Doctor allowed her to resume work during August 2017 with the restriction that Ms. Scates could not lift any packages weighing over 15lbs. Still, her disabilities caused chronic, tremendous pain. Following her diagnosis, Ms. Scates sought regular medical treatment and attended physical therapy twice per week, on average.

9. Upon Ms. Scate's return, Defendant provided Ms. Scates with plenty of work, most of which required Ms. Scates to lift only tiny packages and to scan packages of all sizes. However, not long after Ms. Scates returned to work, Ms. Scates was scheduled to work shifts when she was the only employee available to lift packages – including packages exceeding 15lbs. Ms. Scates complained several times to her direct supervisor about how lifting these packages violated her work restrictions; however, Ms. Scates's complaints fell on deaf ears. As a result, Ms. Scates felt pressured to continue lifting packages exceeding 151lbs, or else face possible retaliation for complaining.

10. Sadly, circumstances became far more overwhelming on or around April 1, 2019, when Ms. Scates was involved in an automobile collision when she was driving to her home. Ms.

3

COMPLAINT

TAYLOR LABOR LAW, P.C.
80 S. Lake Avenue, Suite 860
Pasadena, California 91101
(626) 219-6008 Office
(626) 219-6009 Facsimile

Scates was transported to the emergency room and shortly after received emergency surgery on her hip.

11. After her surgery, Ms. Scates was transferred to a medical facility for approximately one month. However, Ms. Scates attempted to touch base with Defendant and did successfully contact Defendant while receiving treatment at the medical facility. More specifically, Ms. Scates called her direct supervisor, Mike Salta ("Salta"). Salta advised Ms. Scates that she should instead touch base with Defendant's Senior HR Business Partner, Stephanie Bellamy (the "HR Rep."). Accordingly, Ms. Scates followed-up with the HR Rep. The HR Rep. advised that Ms. Scates would be placed on unpaid leave effective immediately, but that Defendant would welcome Ms. Scates to return to work whenever Ms. Scates recovered. The HR Rep. also asked that Ms. Scates send a doctor's note and keep Defendant availed of her treatment.

12. Ms. Scates subsequently provided a doctor's note from her physician, Dr. Charles Moon, on or around May 3, 2019. Dr. Moon recommended that Ms. Scates remain on leave until July 8, 2019. While on leave, Ms. Scates took Defendant at its word that she would be welcomed back to her job once her doctor cleared her to work. Unfortunately, Ms. Scates's recovery took longer than her doctor anticipated. As a result, Dr. Moon provided notes to Defendant during the Summer of 2019, extending Ms. Scates's leave. Dr. Moon's final note extended Ms. Scates's leave from September 9, 2019 until October 28, 2019.

13. In the meantime, Dr. Moon recommended that Ms. Scates undergo one additional surgery. However, while Ms. Scates attempted to schedule the surgery, she became aware of billing issues with her insurance company, Blue Cross, which she paid for through Defendant's employee health-insurance plan. Ms. Scates contacted Blue Cross immediately to resolve the billing dispute; but Blue Cross advised that Ms. Scates was no longer insured through her employer and that her employer may have terminated her.

14. Confused, Ms. Scates attempted to call Salta, the HR Rep., and other of Defendant's managers to ask that she be reinstated, that her insurance coverage resume, and that she be allowed to return to work after her final surgery. Ms. Scates's calls went unanswered.

15. Desperate for assistance, Ms. Scates visited Defendant's office during or around mid-September, 2019. Defendant asked Ms. Scates to wait. After waiting, Ms. Scates entered

Defendant's office, she requested to speak with the HR Rep. or a manager about her employment status. A Human Resources Assistant named America, agreed to assist Ms. Scates. Once Ms. Scates explained her predicament to America, America checked Defendant's digital records and told Ms. Scates she had not been terminated. America then called Salta for assistance. Salta was not able to articulate to Ms. Scates whether she had in fact been terminated. He instead told Ms. Scates to wait in the office while Salta sought clarification from his supervisor. Salta returned and told Ms. Scates that she had been terminated.

16. Ms. Scates left the office, accumulated her doctors' notes, and then provided her doctors' notes to Defendant to try to salvage her job. However, on or around September 20, 2019, Ms. Scates received a phone call from one of Defendant's managers advising her once more that she had been terminated and to report to Defendant's office a few days later to collect her final check and sign termination paperwork. Disappointed, Ms. Scates thereafter reported to Defendant's office and again pled to keep her job, explaining that she intended to resume her duties as soon as she was medically cleared. Nonetheless, Defendant denied her request.

## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON DISABILITY
## IN VIOLATION OF CAL. GOVT. CODE §§ 12940(a), *ET SEQ.*
### (Against Defendant and DOES 1 – 25)

17. Plaintiff hereby incorporates by reference as though fully set forth herein each and every preceding paragraph.

18. At all times herein mentioned, California Government Code § 12940 *et seq.*, the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

19. California Government Code § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of disability. Defendants engaged in unlawful employment practices in violation of the FEHA by discriminating and retaliating against Plaintiff on the basis of Plaintiff's disability.

20. Plaintiff is informed and believes and based thereon alleges that Plaintiff's disability was a motivating factor in Defendants' decision to made adverse employment

decisions regarding Plaintiff's employment, including, without limitation, terminating Plaintiff and executing other discriminatory adverse employment actions against Plaintiff, in violation of Government Code § 12940(a).

21. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

22. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

23. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

## SECOND CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.*
**(Against Defendant and DOES 1 – 25)**

24. Plaintiff hereby incorporates by reference as though fully set forth herein each and every preceding paragraph.

25. Defendants are business entities regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.

26. Plaintiff's disability limited her ability to engage in the major life activity of working.

27. Although Defendants, and each of them, knew of Plaintiff's need to care for her disability, Defendants, and each of them, refused to accommodate Plaintiff. Defendants did not offer additional medical leave while Plaintiff recovered. Nor did Defendant consider or evaluate possible other jobs that Plaintiff could assume once authorized to return to work. Defendants instead retaliated against her because of her disability. Defendants' actions were in direct contravention of the FEHA, and specifically, California Government Code § 12940(m).

28. Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

29. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to Plaintiff's damage in an amount according to proof.

30. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

31. In doing the acts alleged herein, Defendants acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical and/or mental disabilities. Defendants, through their agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

32. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

### THIRD CAUSE OF ACTION
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.*
**(Against Defendants and DOES 1 – 25)**

33. Plaintiff hereby incorporates by reference as though fully set forth herein each and every preceding paragraph.

34. Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

35. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations such that Plaintiff could address her disability and continue working. Though Defendant during 2017 initially agreed to honor Plaintiff's work restrictions, Defendant very soon after ignored those work restrictions and ignored Plaintiff's requests to reinitiate the interactive process. Further, after Plaintiff's 2019 car accident, Defendant failed to timely and meaningfully engage in the interactive process. Defendant did not consider offering more leave to Plaintiff, placing her in a different job position upon her return, or modifying Plaintiff's duties. Defendant instead ignored Plaintiff's requests and ultimately terminated Plaintiff against her will.

36. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

37. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to Plaintiff's damage in an amount according to proof.

38. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

39. In doing the acts alleged herein, Defendants acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical and/or mental disabilities. Defendants, through their agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

40. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

## FOURTH CAUSE OF ACTION
### RETALIATION
### IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.*
### (Against Defendant and DOES 1 – 25)

41. Plaintiff hereby incorporates by reference as though fully set forth herein each and every preceding paragraph.

42. Plaintiff engaged in protected conduct by requesting accommodations for her disability. Defendants retaliated against Plaintiff. Defendant's retaliation included, but was not limited to ignoring Plaintiff's work restrictions by forcing her to lift packages over 15lbs, by ignoring Plaintiff's many requests to honor Plaintiff's work restrictions, by failing to meaningfully participate in the interactive process following Plaintiff's car accident, and by terminating Plaintiff's employment.

43. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants have engaged in other retaliatory actions against Plaintiff which are not yet fully known. At such time as said discriminatory practices become known to Plaintiff, Plaintiff will seek leave of this Court to amend this Complaint.

44. As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anxiety, embarrassment, humiliation, loss of sleep, loss of confidence, loss of self-esteem and general discomfort; will incur medical expenses for treatment by health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

45. As a direct and proximate result of all Defendant's discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940 and 12965(b).

46. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

47. Defendants had in place policies and procedures that specifically prohibited discrimination and retaliation against and upon employees of Defendants, based on the disability of Defendants' employees and required Defendants' managers, officers, and agents to prevent discrimination and retaliation against and upon employees of Defendants, based on the disability of Defendants' employees.

48. Defendants' perpetrators were managers, officers, and/or agents of Defendants and were aware of Defendants' policies and procedures prohibiting discrimination and retaliation based on an employee's disability and also requiring Defendants' managers, officers, and agents

10

COMPLAINT

to prevent, and investigate discrimination and retaliation against and upon employees of Defendants, based on their disability.

49. Furthermore, Defendants maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff

50. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
### IN VIOLATION OF CAL. GOVT. CODE §§ 12940(a), *ET SEQ.* (FEHA)
### (Against Defendants and DOES 1 – 25)

51. Plaintiff hereby incorporates by reference as though fully set forth herein each and every preceding paragraph.

52. At all times mentioned herein, California Government Code §§ 12940, *et seq.*, including but not limited to §§ 12940 (j) and (k), were in full force and effect and were binding upon Defendants, and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

53. Plaintiff complained to Defendant about discrimination based on her disability. Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation. They also failed to take all reasonable steps necessary to prevent retaliation and discrimination from occurring.

54. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation and in failing and/or refusing to take and or all reasonable steps necessary to prevent retaliation and/or discrimination from occurring, Defendants violated California Government Code §§ 12940(j)-(k), causing Plaintiff to suffer damages as set forth above.

55. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

57. As a direct and proximate result of all Defendant's discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940 and 12965(b).

58. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act.

59. Defendants' perpetrators were managers, officers, and/or agents of Defendants and were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent discrimination and retaliation against and upon employees of Defendants, based on disability.

60. Furthermore, Defendants' perpetrators maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the Defendants' facilities.

61. However, Defendants' perpetrators chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.

62. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION
### IN VIOLATION OF CAL. GOVT. CODE §§ 12940(a), *ET SEQ.* (FEHA)
### (Against Defendants and DOES 1 – 25)

63. Plaintiff hereby incorporates by reference as though fully set forth herein each and every preceding paragraph.

64. At all times herein mentioned, California Government Code §§ 12940 *et seq.* were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five or more persons. California Government Code §§ 12940 *et seq.* provide that it is unlawful for an employer to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on a prohibited employment practice, as stated in California Government Code §§ 12940(a)-(o).

65. Defendant terminated Plaintiff in violation of the California Government Code §§ 12940 *et seq.*

66. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related

opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

67. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

68. As a direct and proximate result of all Defendant's discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940 and 12965(b).

69. Defendants had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code §§ 12940 *et seq*.

70. Defendants' perpetrators were managers, officers, and/or agents of Defendants and were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act.

71. Furthermore, Defendants' perpetrators maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities.

72. However, Defendants' perpetrators chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.

TAYLOR LABOR LAW, P.C.
80 S. Lake Avenue, Suite 860
Pasadena, California 91101
(626) 219-6008 Office
(626) 219-6009 Facsimile

73. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION
## IN VIOLATION OF PUBLIC POLICY
### (As to Defendant and DOES 1 – 25)

74. Plaintiff hereby incorporates by reference as though fully set forth herein each and every preceding paragraph.

75. The public policy of the State of California, as set forth in California Government Code §§ 12940(a) ("FEHA") is that it is unlawful for an employer, because of the physical disability or medical condition of any person, to discharge the person from employment. A discharge in violation of the FEHA may give rise to a common law claim for wrongful discharge. (*See Stevenson v. Sup.Ct. (Huntington Mem. Hosp.)*, 16 C4th 880 (1997)—claim based on age discrimination; *City of Moorpark v. Sup.Ct. (Dillon)*, 18 C4th 1143 (1998)—FEHA provides sufficient public policy against disability discrimination to support a public policy tort claim.)

76. Here, Defendant terminated Plaintiff on the grounds described and prohibited by the public policies listed above, thereby wrongfully contravening the public policy of the State of California as provided under FEHA.

77. As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including for example and without limitation, loss of salary and benefits, as well as the intangible loss of employment related opportunities in the field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest. Plaintiff has suffered, and continues to suffer, substantial losses related to the loss of wages and is entitled to recover costs and expenses and attorney's fees in seeking to

compel Defendant to fully perform their obligation under state law and his respective damage amounts according to proof at the time of trial.

78. Further, as a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

79. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law and Public Policy. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For all actual, consequential and incidental financial losses, including, but not limited to, loss of earnings and employee benefits, according to proof;
2. For injunctive relief;
3. For statutory penalties, according to proof;
4. For general damages, according to proof;
5. For special damages, according to proof;
6. For attorney's fees, according to proof;
7. For prejudgment interest, according to proof;
8. For punitive and exemplary damages, according to proof;
9. For costs of suit incurred herein;
10. For declaratory relief; and,
11. For such other relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:    May 13, 2020                TAYLOR LABOR LAW, P.C.

By: _____
Christopher W. Taylor,
Parham Barkhordar,
Taylor H. White,
& Philip Horlacher,
Attorneys for Plaintiff,
Metrea Scates