**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Metrea Scates,<br><br>           Plaintiff,<br><br>      v.<br><br>FedEx Ground Package System, Inc. et al.,<br><br>           Defendants. | 2:20-cv-06365-VAP-MAAx<br><br>**Order GRANTING Plaintiff's Motion to Remand (Dkt. 17).** |

Before the Court is Plaintiff Metrea Scates' ("Plaintiff" or "Scates") Motion to Remand, filed August 14, 2020. ("Motion," Dkt. 17). Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground") opposed the Motion on September 8, 2020. ("Opposition," Dkt. 18). Plaintiff filed a reply in support of the Motion on September 15, 2020. ("Reply," Dkt. 20).

After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court GRANTS the Motion.

### I.     BACKGROUND

This case arises out of a wrongful termination and discrimination dispute. Plaintiff, a former Package Handler for FedEx Ground, claims that

Defendants FedEx Ground, FedEx Corp., and FedEx Corporation (collectively, "Defendants") discriminated against her because of her disabilities, and discharged her for the same. (Horlacher Declaration ("Decl."), Dkt. 17, Ex. A).

According to the Complaint, Plaintiff was diagnosed with impingement syndrome and incomplete rotator-cuff tears of both shoulders around July 29, 2017. (*Id.*). As a result, Plaintiff went on a brief leave until August 2017. (*Id.*). Upon her return, Plaintiff claims that she was required to lift packages heavier than what was permitted by her doctor's orders despite her complaints. (*Id.*).

Plaintiff claims that she was also involved in an automobile collision in April 2019 that warranted another leave from work. (*Id.*). Plaintiff states that Defendants placed her on unpaid leave and agreed to welcome her back once she recovered. (*Id.*). Plaintiff was expected to return to work in July 2019, but her doctor extended her leave until October 28, 2019. (*Id.*). Around September 2019, Plaintiff was notified that she was no longer covered under her insurance through her employer. (*Id.*). When Plaintiff confronted her employer about this, she was told that she had been discharged. (*Id.*).

Plaintiff commenced an action in Los Angeles Superior Court against Defendants on May 15, 2020, claiming Defendants discriminated against her disabilities and wrongfully terminated her in violation of California's Fair Employment and Housing Act ("FEHA"). (*Id.*). In the Complaint, Plaintiff alleged claims for: (1) Discrimination Based on Disability in Violation of the FEHA; (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to

Engage in the Interactive process in Violation of the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent Discrimination in Violation of the FEHA; (6) Wrongful Termination in Violation of the FEHA; and (7) Wrongful Termination in Violation of Public Policy.  (*Id.*).

On July 17, 2020, FedEx Ground removed the case to federal court. (Dkt. 1).  On August 14, 2020, Plaintiff filed a Motion to Remand.  (Dkt. 17). Plaintiff argues FedEx Ground's removal was defective and improper because there is no complete diversity of citizenship, as required by 28 U.S.C. § 1332, and the Court therefore lacks subject matter jurisdiction.  (*Id.*).  FedEx Ground argues that removal is proper pursuant to this Court's diversity jurisdiction because FedEx Corp., a citizen of California, is a sham defendant and FedEx Corp. has not been served.  (Dkt. 18).

For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand.

## II.   LEGAL STANDARD

### A.   Removal

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." (*Id.*). Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## B.     Fraudulent Joinder

Removal is proper even if a non-diverse defendant is present where that defendant has been fraudulently joined or constitutes a sham defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established by the latter method if a defendant shows that a party "joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

"[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citing *Tillman v. R.J. Reynolds Tobacco*,

4

340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). The defendant must show that joinder was fraudulent by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Thus, "[t]he standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. Oct. 14, 1998). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. Sep. 11, 2002).

### III. DISCUSSION

**A.   Local Rule 7-3**

As a threshold matter, Plaintiff failed to meet and confer with Defendant before filing this Motion. The Court could deny Plaintiff's Motion for that reason alone. *See, e.g., Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC(MLGx), 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012); *Superbalife, Int'l v. Powerpay*, No. CV 08-5099 PSG(PJWx), 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008). Plaintiff's failure to address why there was no meet and confer reflects a lack of respect for the Local Rules. Nevertheless, because of the Court's preference to resolve motions on the merits, it declines to deny the Motion on this basis.

Moreover, defendants generally suffer little prejudice from the failure to meet and confer on a motion to remand, where they necessarily researched and investigated the issues before removal.  FedEx Ground, furthermore, was able to prepare and submit an Opposition.  FedEx Ground, therefore, suffers little — if any — prejudice from Plaintiff's failure to meet and confer in connection with the Motion to Remand.  *See Wilson-Condon v. Allstate Indem. Co.*, 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) (considering motion to remand despite failure to meet and confer because of lack of prejudice).  FedEx Ground has also not objected to Plaintiff's failure to comply with the meet and confer requirement.

The Court therefore considers the Motion on its merits.

**B.      Diversity Jurisdiction**

It is undisputed that Plaintiff is a citizen and resident of California, and that FedEx Corp. is also a citizen of California.  (*See* Dkts. 17, 18).  Thus, while Plaintiff and FedEx Ground are diverse from each other, Plaintiff is *not* diverse from FedEx Corp.  The parties do not dispute the amount in controversy.  (*Id.*).

FedEx Corp.'s citizenship destroys complete diversity because Plaintiff and FedEx Corp. are California citizens.  Therefore, 28 U.S.C. § 1332's requirement is not met, and the Court has no subject matter jurisdiction, unless the fraudulent joinder exception applies in this case.

**C.     Fraudulent Joinder**

FedEx Ground asserts that removal based on diversity jurisdiction is proper nonetheless because FedEx Corp. is a "sham defendant," and, as such, its citizenship should not count for diversity purposes. (*See* Dkt. 18). Specifically, FedEx Ground argues that FedEx Corp. is a sham defendant because: (1) FedEx Corp. is "not a viable entity," and (2) Plaintiff does not have any relationship[1] with FedEx Corp. because FedEx Corp. ceased to do business "decades ago." (Dkt. 18, at 4).

Plaintiff argues that FedEx Corp. is a possible joint or sole employer under the FEHA regardless of Defendant's conclusion that FedEx Corp. has not employed anyone for years. (Dkt. 20, at 6). Accordingly, Plaintiff argues that Defendant has failed to meet its high burden of proving there "is no possibility that FedEx Corp. is not an 'employer' within the meaning of the FEHA." (*Id.*). Although both parties provided scant briefing on this issue, the Court agrees with Plaintiff that Defendant has failed to meet its high burden to establish fraudulent joinder.

   1.     <u>Suspended Entity</u>

FedEx Ground first argues that FedEx Corp. is a sham defendant because it is a suspended entity on the California Secretary of State Website. (Dkt. 18). According to FedEx Ground, "Plaintiff named FedEx Corp., a

---

[1] Although unclear, it appears that the "relationship" FedEx Ground is referring to is an employer relationship with Plaintiff under the FEHA. (Dkt. 18, at 4) ("Plaintiff cannot in good faith claim to have had any relationship with FedEx Corp., an entity that ceased to do business in California decades ago. Plaintiff's claims are based on her employment with FedEx Ground.").

California corporation, for the sole purpose of attempting to destroy diversity … the California Secretary of State clearly lists FedEx Corp. as an 'FTB Suspended' entity that has not filed registration documents in California since 1977 … [t]hus by Plaintiff's counsel's own declaration and exhibit, FedEx Corp. is not a viable entity." (Dkt. 18, at 4). This argument is unpersuasive.

FedEx Ground fails to explain the import of FedEx Corp.'s suspended status. A suspended corporation may be sued under California law. *Mendoza v. Miller Elec. Mfg., Co.*, No. 212CV01751 SVW(JEMx), 2012 WL 12893749, at *2 (C.D. Cal. Apr. 27, 2012) (citations omitted). "In addition, a suspended corporation is not protected against a judgment by default upon its failure to answer within the time allowed." (*Id.*).

Courts have held that a suspended corporation may be a sham defendant if it is unrealistic that the suspended corporation might be revived into active status because it has no assets, no insurance policy, no financial resources, and no ongoing business. (*Id.* (citing to *Nickerman v. Remco Hydraulics Inc.*, No. C06-02555 SI, 2006 WL 2329516, at *3 (N.D. Cal. Aug. 9, 2006)). Nevertheless, FedEx Ground fails to make this argument; its only contention is that because FedEx Corp. has been suspended since 1977 it is not a "viable entity." In other words, FedEx Ground appears to argue that FedEx Corp.'s alleged lack of operation alone makes it a sham defendant.

FedEx Ground fails to adduce any evidence to support such an argument, nor has it made any showing that FedEx Corp. has no assets, no

insurance policy, no financial resources, and could not be revived to active status to defend this lawsuit.

Although FedEx Corp.'s prolonged suspended status is of concern, this fact alone does not satisfy Defendant's high burden of showing Plaintiff has *no possibility* of collecting a judgment against FedEx Corp.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  *Diaz*, 185 F.R.D., at 586.  "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."  *Macey*, 220 F. Supp. 2d, at 1117.  The Court thus finds that FedEx Ground has failed to meet its burden on this theory.

### 2. Employment Relationship

FedEx Ground next argues that Plaintiff cannot have an employment relationship with FedEx Corp. because it ceased to do business decades ago.  (Dkt. 18, at 4).  In other words, FedEx Ground argues FedEx Corp. cannot be an employer, or have any relationship with Plaintiff, under the FEHA because FedEx Corp. is a suspended entity that has not employed anyone for years.  (*Id.*).

Plaintiff counters that FedEx Ground's arguments are conclusory.  (Dkt. 20, at 6).  According to Plaintiff, it is possible that FedEx Corp. is Plaintiff's sole or joint employer because "FedEx is a vast multistate enterprise with many affiliates and subsidiaries … Plaintiff was employed in California, and FedEx Corp. appears to be the only California entity." (*Id.*).  Plaintiff also

argues that "Defendants have not affirmatively declared to be Plaintiff's sole employer for purposes of the FEHA." (*Id.*). Finally, Plaintiff argues that FedEx Ground cannot deny FedEx Corp.'s status as an employer because FedEx Ground's in-house counsel "affirmatively represented that he was unable to accept service or make representations on behalf of FedEx Corp." (*Id.*).

In determining whether a defendant is a joint employer under the FEHA, California courts consider the "'totality of circumstances' that reflect upon the nature of the work relationship of the parties." *Jankins v. Wells Fargo Bank, N.A.*, No. CV1700887 BRO(AJWx), 2017 WL 1181562, at *5 (C.D. Cal. Mar. 29, 2017) (citations omitted). "The key factor to consider in analyzing whether an entity is an employer is 'the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed." (*Id.*). A finding of the right to control employment requires … a comprehensive and immediate level of 'day-to-day' authority over employment decisions. (*Id.*) (citations omitted); *see also Vernon v. State of California*, 116 Cal. App. 4th 114, 124-26 (2004) (explaining that "[t]here is no magic formula for determining whether an organization is a joint employer," and that relevant factors include, among others, the payment of salary, the ownership of the equipment required to perform the job, the location where the work is performed, and the right to control the means and manner of the worker's performance). "While there are other factors which may inform the question of employer status, *see Vernon*, 116 Cal. App. 4th at 125, the right to control the worker remains central." *Kasperzyk v. Shetler Sec. Servs.*, 2014 WL 1760040, *6 (N.D. Cal. May 2, 2014).

Here, Plaintiff fails to show that FedEx Corp. exercised control over her work activities. Rather, Plaintiff states that FedEx Corp. can be a joint employer because it may be an "affiliate or subsidiary" of FedEx Ground. (Dkt. 20). Courts have rejected similar arguments. *See Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 923 (N.D. Cal. Jan. 5, 2015) (reasoning that the fact that a company owns a significant number of shares of an alleged employer is not sufficient to hold that company liable as a joint employer under the FEHA). Plaintiff has also failed to raise any facts that could implicate the other factors that are considered in determining an employment relationship under the FEHA.

Nevertheless, FedEx Ground has not met its burden of establishing that Plaintiff is incapable of amending her Complaint to state a valid claim against FedEx Corp. on a joint employer theory. *See Gebran v. Wells Fargo Bank, N.A.*, CV 16-07616 BRO(MRWx), 2016 WL 7471292, *8-9 (C.D. Cal. Dec. 28, 2016) (finding a possibility that plaintiff can amend her complaint to allege facts under a joint employer theory even though she failed to allege those facts in her remand papers); *see Cohen v. Valeant Pharms. N. Am., LLC*, No. 18cv1540 CAB(BGSx), 2018 WL 3409212, *2 (S.D. Cal. July 13, 2018); *see also Herrington v. Nature Conservancy*, No. CV 19-10896 GW(GJSx), 2020 WL 1154754, *6 (C.D. Cal. Mar. 9, 2020). The burden to demonstrate that a party is a sham defendant is high. Defendant must provide clear and convincing evidence of Plaintiff's inability to establish a claim against FedEx Corp.

Here, FedEx Ground fails to do so. FedEx Ground does not provide evidence that it was Plaintiff's sole employer. FedEx Ground also fails to provide sufficient evidence showing FedEx Corp. has not employed anyone for years; it only relies on Plaintiff's exhibit showing that FedEx Corp. has been suspended since 1977. Moreover, FedEx Ground fails to cite any authority stating that a suspended corporation cannot be an employer under the FEHA as a matter of law. Furthermore, as noted above, a suspended corporation may be sued.

In addition, Plaintiff has stated sufficient factual allegations to support a claim against FedEx Corp. in her Complaint. *See Gebran*, 2016 WL 7471292, at *9 n.11 (finding that the defendant failed to meet its burden of showing the plaintiff could not possibly state a claim on a joint employer theory because the plaintiff alleged that she exhausted administrative remedies against the alleged joint employer – a factual allegation necessary to maintain a cause of action against an employer under the FEHA).

Here, Plaintiff alleges in her Complaint that she filed charges against all the Defendants, including Defendant FedEx Corp., with the State of California, Department of Fair Employment and Housing ("DFEH"), and received right to sue letters on May 13, 2020. (Dkt. 1-1, Compl. ¶ 6). Plaintiff also states in her Complaint that all the Defendants employed her and have "regularly employed at least the minimum number of employees upon which certain legal duties and obligations arise under… the FEHA." (*Id.* ¶¶ 2, 4, 7, 18, 25).

12

These allegations, at minimum, establish a possibility that FedEx Corp. is an employer who has employees, such as Plaintiff. Further, whether Plaintiff has alleged sufficient facts in her Complaint is not dispositive – the defendant bears the burden of providing clear and convincing evidence showing Plaintiff cannot state a claim on amendment, and Defendant has failed to do so here. *See Jankins*, 2017 WL 1181562, at *6 ("whether Plaintiff pleaded sufficient facts to establish that WFC is Plaintiff's joint employer in the operative Complaint is not dispositive; regardless, Defendants have not met their 'burden of establishing that Plaintiff is incapable of amending [his] Complaint to state a valid claim against WFC on a joint-employer theory.'") (citations omitted).

At this stage, the Court cannot say as a matter of law that Plaintiff could not possibly assert a claim against FedEx Corp. Accordingly, Defendant has failed to meet its burden of proving fraudulent joinder on this theory.

Finding that FedEx Corp. is not a sham defendant, the Court concludes that it lacks jurisdiction for lack of complete diversity.

### D. Plaintiff's Failure to Serve FedEx Corp. is Not Dispositive

Defendant finally argues that FedEx Corp.'s status must be disregarded because it was not served before removal.[2] Defendant appears

---

[2] Defendant, again, fails to cite any authority for this argument and does not make clear whether §1441(b) is the basis for its position. (*See* Dkt. 18 ("Plaintiff does not state that it has served, attempted to serve, or intends to serve FedEx Corp. with the Complaint in this action. Plaintiff has made no attempts whatsoever to hold FedEx Corp. liable for her claims or to even attempt to serve it with litigation.")).

13

to make the argument that 28 U.S.C. § 1441(b)'s "forum defendant rule" requires that only defendants who are California citizens who are "properly joined and served" prior to removal may be considered for purposes of remand.

Nevertheless, Section 1441(b) does not abrogate Section 1332's requirement of complete diversity. Section 1441(b) is an additional limitation on the removal doctrine that the Court reaches only if diversity jurisdiction is already present. *See Jennings-Frye v. NYK Logistics Americas Inc*, No. 2:10-CV-09737 JHN(Ex), 2011 WL 642653, at *4 (C.D. Cal. Feb. 11, 2011) ("Section 1332's complete diversity requirement and the 'local defendant' rule under section 1441(b) are two entirely separate considerations for purposes of analyzing whether removal is proper.").

Section 1441(b) states: "A civil action *otherwise removable* solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added). In other words, "*even when diversity jurisdiction exists* … an action may not be removed if any 'properly joined and served … defendant[] is a citizen of a state in which the action is brought.'" *Pinter v. Arthury J. Gallagher Serv. Co., LLC*, No. CV 15-9449 FMO(DTBx), 2016 WL 614348, at *4 (C.D. Cal. Feb. 16, 2016) (emphasis added).

> "For instance, in an action filed in California state court by a
> New York citizen against a Florida defendant and a California

14

defendant, removal would not be permitted despite complete diversity of citizenship. This rule, the violation of which is a waivable defect, (citations omitted) does not support Gallagher Service's assertion that unserved defendants may be ignored for purposes of determining whether complete diversity of citizenship exists and whether removal is proper. (citations omitted).  Indeed, § 1441(b)(1), which expressly provides that the citizenship of Does defendants may be ignored, does not mention unserved defendants."

(*Id.*). The Ninth Circuit has indicated that section 1441(b) does not expand diversity jurisdiction. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 n.1 (9th Cir. 1969).

"The case law is clear that a defendant who is a citizen of plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal." *Gonzalez v. J.S. Paluch Co., Inc.*, No. CV 12–08696 DDP(FMOx), 2013 WL 100210, *3 (C.D. Cal. Jan. 7, 2013) ("The Ninth Circuit 'has specifically rejected the contention that section 1441(b) implies that service is the key factor in determining diversity.'"); *Anaya v. City of Los Angeles*, No. CV198594 PSG(PLAx), 2019 WL 8750359, *1 (C.D. Cal. Nov. 1, 2019) ("Both Plaintiff and Defendant City of Los Angeles are citizens of California, while Defendant Aeromexico is a citizen of Mexico.  Because the parties are not completely diverse, removal appears improper.  However, Aeromexico argues that because it removed the case before Plaintiff 'properly joined and served' non-diverse Defendant City of Los Angeles, complete

diversity exists and removal is proper. Defendant Aeromexico cites no case where a court has interpreted this 'joined and served' language as an exception to the complete diversity requirement. And, given that this language stems from § 1441, the removal statute, and not § 1332, which outlines the general rules for diversity jurisdiction, the Court is skeptical that the language creates such an exception.").

Indeed, Courts turn to Section 1441(b) *after* diversity jurisdiction has been established under Section 1332. *See Zirkin v. Shandy Media, Inc.*, No. 2:18-cv-09207 ODW(SSx), 2019 WL 626138, *2 (C.D. Cal. Feb. 14, 2019) ("In its Removal Notice, Defendants established diversity jurisdiction which was not challenged by the Plaintiff. Thus, the Court, having analyzed Defendants' jurisdictional claims, finds that complete diversity exists. Accordingly, the Court turns to interpreting the Forum Defendant Rule."); *see Black v. Monster Beverage Corp.*, No. EDCV1502203 MWF(DTBx), 2016 WL 81474, *1 (C.D. Cal. Jan. 7, 2016) (ruling on the forum defendant rule after finding the parties were completely diverse); *see also Austin v. AstraZeneca Pharm., LP*, No. CV1301544 SJO(JCGx), 2013 WL 12142637, at *1 (C.D. Cal. Apr. 22, 2013) (same).

As explained above, Defendant FedEx Corp. is not a sham defendant, and thus diversity jurisdiction is lacking. The issue of whether FedEx Corp. has been served does not change that analysis. Section 1441(b) does not operate as an exception to the requirements of Section 1332. This is not to say that FedEx Corp. cannot be dismissed in state court for Plaintiff's failure

to effectuate timely service.[3]  Failure to serve, nevertheless, is not a viable basis for removal on the current facts.

### IV. CONCLUSION

The Court therefore GRANTS the Motion to Remand this case to the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.**

Dated: 9/25/20

Virginia A. Phillips
United States District Judge

---

[3] The Court notes that the deadline for Plaintiff to serve FedEx Corp. in federal court has not yet lapsed.  In an action removed from state court, the 90-day period to serve begins to run upon removal.  28 U.S.C. § 1448; *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).  Accordingly, Plaintiff's deadline to serve FedEx Corp. in federal court is October 17, 2020.